## STATE OF CONNECTICUT *v.* CHRISTIAN PORTER
### (13642)

O'Connell, Landau and Hennessy, Js.

Argued October 24—decision released December 12, 1995

*M. Hatcher Norris*, with whom, on the brief was *Stacy M. Schneider*, for the appellant (defendant).

*Kevin T. Kane*, state's attorney, for the appellee (state).

O'CONNELL, J. The defendant appeals from the judgment of conviction, rendered after a jury trial, of one count of arson in the first degree in violation of General

Statutes § 53a-111 (a) (4).[1] The defendant claims that the trial court improperly (1) refused to admit the favorable results of the defendant's polygraph test, (2) refused to allow the defendant to make an offer of proof on the polygraph test results, and (3) denied his motion for judgment of acquittal or a new trial. We affirm the judgment of the trial court.

The jury could have reasonably found the following facts. At approximately 10:15 p.m. on July 20, 1992, the defendant and his wife smelled smoke in their house. The defendant's wife and child went to a neighbor's house, and the defendant remained behind. The defendant arrived at the neighbor's house five to ten minutes later, explaining that he had sprayed a smoking electrical box with a fire extinguisher. The defendant also set up fans to clear away the remaining smoke. The defendant then left the neighbor's house, returning later with bloodshot eyes and a towel covering his mouth and nose. After drinking a glass of water, the defendant telephoned his brother-in-law, a licensed electrician, for advice about the electrical box. At some point during the conversation, the defendant looked out the window and shouted that his house was on fire.

The defendant did not testify at trial but sought to admit the results of a polygraph examination. The trial court denied the motion and the accompanying request for an evidentiary hearing. Other relevant facts are included in the analysis of the defendant's claims.

I

The defendant first claims that the trial court improperly refused to admit the results of his polygraph test.

[1] General Statutes § 53a-111 (a) provides in pertinent part: "A person is guilty of arson in the first degree when, with intent to destroy or damage a building, as defined in § 53a-100, he starts a fire or causes an explosion, and . . . (4) at the scene of such fire or explosion a peace officer or firefighter is subjected to a substantial risk of bodily injury."

The defendant correctly recognizes that our Supreme Court and this court have consistently held polygraph evidence to be per se inadmissible for both substantive and impeachment purposes. *State* v. *Duntz*, 223 Conn. 207, 238–39, 613 A.2d 224 (1992); *State* v. *Miller*, 202 Conn. 463, 484–86, 522 A.2d 249 (1987); *State* v. *Barnes*, 27 Conn. App. 713, 716, 610 A.2d 689, cert. denied, 223 Conn. 914, 614 A.2d 826 (1992); *State* v. *Summerville*, 13 Conn. App. 175, 181, 535 A.2d 818 (1988). Nonetheless, the defendant urges this court to reconsider the validity of this firmly established position in light of *Daubert* v. *Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993), a decision based on rule 702 of the Federal Rules of Evidence.

The Connecticut rule that polygraph test results have only questionable accuracy was succinctly stated by our Supreme Court in *State* v. *Mitchell*, 169 Conn. 161, 170, 362 A.2d 808 (1975). "[T]he admission of the results of polygraph examinations, rather than serving as an aid to [determine credibility], would tend to cloud the issue with an aura of scientific conclusiveness of the examiner's opinion that could foreclose a true consideration of the issue. We are not convinced that the polygraph has progressed to a level of sophistication that would warrant the conclusiveness that would, in all probability, be appended to its results." Id. The rule of *Mitchell* has not changed.

Whether a Supreme Court holding should be reevaluated and discarded is not for this court to decide. *State* v. *Reis*, 33 Conn. App. 521, 527, 636 A.2d 872, cert. denied, 229 Conn. 901, 640 A.2d (1994). We therefore conclude, on the basis of Connecticut precedent, that the trial court properly denied the defendant's motion to admit the results of the defendant's polygraph test.

## II

The defendant's second claim is that the trial court improperly denied him the constitutional right to pre-

sent a defense by refusing to allow him the opportunity to make an offer of proof regarding the polygraph evidence. Relying on *Chambers* v. *Mississippi*, 410 U.S. 284, 93 S. Ct. 1038, 35 L. Ed. 2d 297 (1973), and *Washington* v. *Texas*, 388 U.S. 14, 87 S. Ct. 1920, 18 L. Ed. 2d 1019 (1967), the defendant contends that his constitutional right to present a defense includes the right to make an offer of proof of favorable polygraph results. We do not agree.

The trial court, like this court, is bound by the Connecticut precedent which bars the admission of polygraph results. *State* v. *Mitchell*, supra, 169 Conn. 170. Because an evidentiary hearing would have been a nugatory undertaking, the trial court was not required to grant the defendant's motion for an evidentiary offer of proof.

### III

The defendant's final claim is that the evidence is insufficient to sustain his conviction of arson in the first degree. We disagree.

In reviewing a sufficiency of the evidence claim, we first review "the evidence presented at trial, construing it in the light most favorable to sustaining the facts found by the trial court or impliedly found by the jury." (Internal quotation marks omitted.) *State* v. *Gomez*, 225 Conn. 347, 350, 622 A.2d 1014 (1993). We then determine whether, on the facts established and the inferences drawn therefrom, the jury could reasonably have concluded that the cumulative effect of the evidence established the defendant's guilt beyond a reasonable doubt. *State* v. *Greenfield*, 228 Conn. 62, 76, 634 A.2d 879 (1993).

In order to be convicted of arson in the first degree in violation of General Statutes § 53a-111 (a) (4), the defendant must, with the intent to destroy or damage

a building, start a fire or cause an explosion. Additionally, a peace officer or firefighter must be subjected to a substantial risk of bodily injury at the scene of the fire or explosion.

In this case, there was sufficient evidence for the jury to have determined that the defendant started a fire with the intent to damage or destroy a building and that firefighters were subjected to a substantial risk of bodily injury at the scene. The jury could have reasonably found that three separate fires started in the defendant's house when the defendant was alone there. Tests of materials taken from the house revealed the presence of flammable liquids. The state's fire expert concluded that the fires had been intentionally set and discounted the defendant's theory that the fires started due to faulty electrical wiring. It is uncontested that firefighters who entered the house to suppress the fire were surrounded by flames and exposed to intense heat and falling pieces of burning debris.

The defendant argues that the state presented no credible evidence of motive. Because motive is not an element of arson in the first degree, the state is not required to present any evidence in support of the defendant's motive. *State* v. *Ruffin*, 206 Conn. 678, 681, 539 A.2d 144 (1988). Although the state is not required to present any evidence in support of the defendant's motive, it presented the following evidence in support of motive that could be considered by the jury. Id. Both the defendant and his wife had falsified the amount and source of their income on a mortgage application for the house that was destroyed. The defendant could not obtain credit, and had no savings at the time of the fire. The defendant's wife had no source of income once she had received her complete disbursement of unemployment compensation. From these facts, the jury could have reasonably concluded that the defendant's motive was not to collect the insurance proceeds

resulting from the fire himself, but to benefit from the mortgage being paid off by the insurance company.[2]

The defendant also contends that the state presented only circumstantial evidence in support of the elements of arson. When intent is an element of a crime, it is ordinarily proven by circumstantial evidence and must usually be inferred from the defendant's conduct and the surrounding circumstances. *State* v. *Smith*, 35 Conn. App. 51, 63, 644 A.2d 923 (1994). Further, the fact that evidence is circumstantial rather than direct does not diminish its probative value. *State* v. *Suaris*, 227 Conn. 389, 395–96, 631 A.2d 238 (1993). A jury may give circumstantial evidence the same weight as direct evidence. *State* v. *John*, 210 Conn. 652, 660, 557 A.2d 93, cert. denied, 493 U.S. 824, 110 S. Ct. 84, 107 L. Ed. 2d 50 (1989).

On the basis of the evidence and the inferences reasonably drawn therefrom, the jury reasonably could have concluded beyond a reasonable doubt that the defendant was guilty of arson in the first degree in violation of § 53a-111 (a) (4).

The judgment is affirmed.

In this opinion the other judges concurred.

---

[2] The defendant was also charged with one count of arson in the first degree for purposes of collecting insurance proceeds in violation of General Statutes § 53a-111 (a) (3), and was found not guilty of that charge.